IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**HOLICE RYKE MEEKS,**

    **Plaintiff,**

vs.                                                          No.: 2:25-cv-2027-MSN-cgc

**THE VILLAGE AT GERMANTOWN and
MIKE CRAFT CEO,**

    **Defendants.**

---

ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*
REPORT AND RECOMMENDATION

---

    On January 13, 2025, plaintiff Holice Ryke Meeks filed a *pro se* complaint and a motion to proceed *in forma pauperis*. (D.E. # 2 & 3.) This case has been referred to the United States magistrate judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate pursuant to Administrative Order 2013-05[1].

    Federal law provides that the "clerk of each district court shall require parties instituting any such civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $400," 28 U.S.C. § 1914(a). To ensure access to the courts, however, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid payment of filing fees by filing an *in forma pauperis* affidavit. Under that section, the Court must conduct a satisfactory inquiry

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

into the plaintiff's ability to pay the filing fee and prosecute the lawsuit. A plaintiff seeking *in forma pauperis* standing must respond fully to the questions on the Court's *in forma pauperis* form and execute the affidavit in compliance with the certification requirements contained in 28 U.S.C. § 1746.

In this case, the Plaintiff has submitted a properly completed and executed *in forma pauperis* affidavit. The information set forth in the affidavit satisfies Plaintiff's burden of demonstrating that he is unable to pay the civil filing fee. Accordingly, the motion to proceed *in forma pauperis* is GRANTED. The Clerk shall record the defendants as the Village at Germantown and Mike Craft CEO.

The complaint was filed using the form for alleging "violation of civil rights under 42 U.S.C. § 1983. Plaintiff alleges that in August 2023 he suffered a mental health emergency and requested leave pursuant to the Family and Medical Leave Act ("FMLA"). On or about October 16, 2023 after returning to his employment after the leave, Plaintiff was terminated. Plaintiff is requesting as relief that he be restored to his "previous financial state", that he be restored to his position, that he be compensated for "emotional and mental health damage", that gifts kept in retaliation be returned and that his "contributions to facility saftey (sic) during major crisises (sic)" be acknowledged.

On January 17, 2025, Plaintiff filed an emergency motion for preliminary injunction and a motion for temporary restraining order. (D.E. # 7) Plaintiff requests an order requiring Defendants to pay Plaintiff "continuing wages at Plaintiff's pre-termination rate", "maintain all

healthcare benefits", "pay all past due amounts from date of termination", and "provide documentation to Plaintiff's mortgage lender regarding ongoing wage payments"

The Court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), and in Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681) (alteration in original). "[P]leadings that . . . are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; *see also* Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of

3

providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); *see also* Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks omitted); Payne v. Secretary of Treas., 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf.* Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."), *cert. denied*, ___ U.S. ___, 132 S. Ct. 461 (2011).

It is RECOMMENDED that Plaintiff has not stated a claim for which relief can be granted. If Plaintiff seeks to state a claim under 42 U.S.C. § 1983,[2] he must allege two elements: (1) a

---

[2] Section 1983 provides: Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the

deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. Adickes v. S.H. Kress & Co., 398 U.S. 144, 150 (1970).  Plaintiff has not stated in the Complaint what actions the Village at Germantown or Mike Craft took to deprive him of rights secured by the "Constitution and laws" of the United States and in what way either defendant was acting under color of state law.

It is FURTHER RECOMMENDED that Plaintiff has not stated a claim for retaliation related to FMLA[3].  A *prima facie* case of FMLA requires Plaintiff to plead that he was engaged in a statutorily protected activity, that Defendants knew that he was exercising his FMLA rights, that he suffered an adverse employment action and that a causal connection exists between the protected FMLA activity and the adverse employment action.  Milman v. Feiger & Feiger, P.C., 542 F.Supp 3d 604, 608 (E.D. Mich. 2021)   In this case, Plaintiff states that

> "I discovered the true reason for my termination.  It took Rick threatening to quit and escalate the matter to the state EMS board for The Village at Germantown to recognize the serious risk we had all faced due to leadership's refusal to acknowledge the need for an Emergency Medical Director.  My termination was a direct response to that issue."
> Complaint (D.E. # 2, PageID 6)

Plaintiff does not plead that a causal connection exists between the protected FMLA activity and his termination.  Therefore, it is recommended that any claims that Plaintiff could be construed as making for retaliatory termination for exercising his rights under FMLA should be dismissed for failure to state a claim.

---

Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

[3] Plaintiff does not allege retaliatory discharge based on his exercise of rights under the FMLA in his complaint but does raise it in his Motion for Preliminary Injunction and Temporary Restraining Order.  While the court is not required to make out a claim for Plaintiff, out of an abundance of caution this report will address this issue.

With regard to the motion for injunctive relief, it is RECOMMENDED that the motion either be denied as moot if the complaint is dismissed or denied because Plaintiff has an adequate remedy at law and that he is unlikely to suffer irreparable harm in the absence of preliminary relief. In determining whether to issue a preliminary injunction, the Court must examine four factors: (1) whether the movant has shown a strong likelihood of success on the merits; (2) whether the movant will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. Leary v. Daeschner, 228 F.3d 729, 736 (6th Cir.2000) (citing McPherson v. Michigan High Sch. Athletic Ass'n, 119 F.3d 453, 459 (6th Cir.1997) (en banc )). These factors are not prerequisites, but are factors that are to be balanced against each other. United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth., 163 F.3d 341, 347 (6th Cir.1998) (citation omitted). A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it. Leary, 228 F.3d at 739 (citations omitted).

Plaintiff has not shown a likelihood of success on the merits as demonstrated by the above discussion regarding failure to state a claim for which relief may be granted under either 42 U.S.C. §1983 or the FMLA. Each of the elements of relief sought under the injunction proposed by Plaintiff is in the form of monetary relief. This demonstrates that Plaintiff will not suffer irreparable harm. The fact that an individual may lose his income for some extended period of time does not result in irreparable harm, as income wrongly withheld may be recovered through monetary damages in the form of back pay. Sampson v. Murray, 415 U.S. 61, 90, 94 S.Ct. 937, 39 L.Ed.2d 166 (1974) (finding that "the temporary loss of income, ultimately to be recovered, does

not usually constitute irreparable injury"); see Aluminum Workers Int'l Union, AFL–CIO, Local Union No. 215 v. Consol. Aluminum Corp., 696 F.2d 437, 444 (6th Cir.1982) (finding that employees did not suffer irreparable harm from temporary unemployment pending arbitration). Overstreet v. Lexington-Fayette Urb. Cnty. Gov't, 305 F.3d 566, 579 (6th Cir. 2002)   On balance, it is recommended that the factors weigh against issuing a temporary restraining order or preliminary injunction in favor of Plaintiff.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should he seek to do so. The United States Court of Appeals for the Sixth Circuit requires that all district courts in the circuit determine, in all cases where the appellant seeks to proceed *in forma pauperis*, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith."

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants but has sufficient merit to support an appeal *in forma pauperis*.   See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to recommend dismissal of this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore RECOMMENDED that the Court

CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal *in forma pauperis*.

**SIGNED** this 17th day of January, 2025.

                                                <u>s/ Charmiane G. Claxton</u>
                                                CHARMIANE G. CLAXTON
                                                UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL**