# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

---

HOLLICE RYKE MEEKS,

     Plaintiff,

v.                                                                    Case No. 2:25-cv-02027-MSN-cgc
JURY DEMAND

THE VILLAGE AT GERMANTOWN and
MIKE CRAFT CEO,

     Defendants.

---

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND REFERRING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

---

Before the Court is the Magistrate Judge's Order Granting Leave to Proceed *In Forma Pauperis* [and] Report and Recommendation (ECF No. 8, "Report"), entered on January 17, 2025. The Report recommends Plaintiff's Complaint (ECF No. 1) be dismissed for failure to state a claim upon which relief may be granted and that Plaintiff's motion for preliminary injunction and temporary restraining order (ECF No. 7) be denied. Plaintiff filed timely objections (ECF No. 9) to the Report on January 21, 2025. Contemporaneously with his objections, Plaintiff also filed a Motion for Leave to File Amended Complaint (ECF No. 10). For the reasons set forth below, Plaintiff's objections are **OVERRULED**, the Magistrate Judge's Report is **ADOPTED** in its entirety, and Plaintiff's Motion for Leave to File Amended Complaint is **REFERRED** to the Magistrate Judge.

## STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how *de novo* review will obtain a different result on that particular issue. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error. *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-

14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

## DISCUSSION

The Report recommends dismissing Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim and denying Plaintiff's motion for injunctive relief. Plaintiff objects, asserting that the Magistrate Judge's recommendations were made without considering substantial evidence that he claims strongly supports his allegations. Specifically, Plaintiff points to text messages, employment records, and witness testimony that allegedly demonstrate retaliation and support his claims under the Family and Medical Leave Act ("FMLA").

In determining whether Plaintiff's Complaint states a claim, the Court applies the standard under Federal Rule of Civil Procedure 12(b)(6). A complaint must include sufficient factual allegations to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While pro se complaints are liberally construed, they still must meet the basic pleading standards. *See Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### A.    FMLA Retaliation Claim

Plaintiff objects to the finding that his FMLA retaliation claim fails to state a claim. (ECF No. 9 at PageID 40–41.) He emphasizes the temporal proximity between his FMLA leave, which he claims began August 25, 2023, and his termination on September 20, 2023, as evidence of retaliation. (*Id.* at PageID 41.) He also references text messages and patterns of retaliation by his employer. (*Id.*)

To maintain a claim for FMLA retaliation, a plaintiff must plead sufficient facts showing (1) engagement in a statutorily protected activity, (2) the employer's knowledge of the exercise of FMLA rights, (3) an adverse employment action, and (4) a causal connection between the protected activity and the adverse action. *Milman v. Fieger & Fieger, P.C.*, 542 F. Supp. 3d 604, 608 (E.D. Mich. 2021). The Sixth Circuit has held that temporal proximity alone is rarely sufficient to establish causation without additional factual support. *See Nguyen v. City of Cleveland*, 229 F.3d 559, 567 (6th Cir. 2000).

Although Plaintiff cites vague references to text messages and patterns of retaliation, these allegations do not meet the pleading standards to state a plausible claim. As the Magistrate Judge correctly observed, Plaintiff fails to provide factual details connecting his termination to his FMLA-protected leave. Accordingly, his objections do not overcome the deficiencies identified in the Report.

**B.    Injunctive Relief**

Plaintiff also objects to the denial of his request for a preliminary injunction, asserting that his termination caused medical and financial hardship. (ECF No. 9 at PageID 41.) These hardships include disruption of ongoing medical treatment for his documented Lupus condition and CPTSD, loss of healthcare coverage, and imminent financial emergencies, including potential foreclosure of his property. (*Id.*)

In determining whether to grant preliminary injunctive relief, the Court balances four factors: (1) whether the movant has a strong likelihood of success on the merits, (2) whether the movant would otherwise suffer irreparable injury, (3) whether issuance of a preliminary injunction would cause substantial harm to others, and (4) whether the public interest would be best served

by the issuance of a preliminary injunction. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000).

The Magistrate Judge correctly determined that Plaintiff's failure to state a viable claim precludes the finding of likelihood of success on the merits. Moreover, while the Court acknowledges the serious nature of Plaintiff's alleged hardships, established precedent holds that financial hardship and loss of income, which can be remedied through monetary damages, do not constitute irreparable harm warranting preliminary relief. *Sampson v. Murray*, 415 U.S. 61, 90 (1974). The Court agrees that Plaintiff's claims, while serious, do not meet the high standard for preliminary injunctive relief.

**C.    Motion to Leave to File Amended Complaint**

On the same day Plaintiff filed his Objections, he also filed a Motion for Leave to File Amended Complaint (ECF No. 10), which removes the § 1983 claim and adds new claims under the Americans with Disabilities Act ("ADA") and the Fair Labor Standards Act ("FLSA"). Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend their pleading once as a matter of course before the earlier of (1) 21 days after serving the pleading or (2) 21 days after service of a responsive pleading or motion under Rule 12(b), (e), or (f). Because summons have not been issued in this case, Plaintiff is entitled to amend his Complaint without leave of Court.

Pursuant to Local Rule 4.1(b)(2) and 28 U.S.C. § 1915(e)(2)(B), the Court **REFERS** Plaintiff's Motion for Leave to File Amended Complaint to the Magistrate Judge.

## CONCLUSION

For the reasons stated above, Plaintiff's objections (ECF No. 9) are **OVERRULED**, the Magistrate Judge's Report (ECF No. 8) is **ADOPTED** in its entirety, Plaintiff's motions for

preliminary injunction and temporary restraining order (ECF No. 7) are **DENIED**, and Plaintiff's

Motion to File Amended Complaint (ECF No. 10) is **REFERRED** to the Magistrate Judge.

      **IT IS SO ORDERED**, this 22nd day of January, 2025.

                          *s/ Mark S. Norris*
                          MARK S. NORRIS
                          UNITED STATES DISTRICT JUDGE