**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

HOLICE RYKE MEEKS,

     Plaintiff,

     v.                                                                          Case No. 2:25-cv-02027-BCL-cgc

THE VILLAGE AT GERMANTOWN,
CEO MIKE K. CRAFT,
METHODIST LeBONHEUR HEALTHCARE,
MHV1 LLC, and SUZANNE SMITH,
Registered Agent for MHV1 LLC,

     Defendants.

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND
ADOPTING REPORTS AND RECOMMENDATIONS**

Before the Court is Magistrate Judge Charmiane G. Claxton's Report and Recommendation ("Report 1"), entered October 9, 2025 (Doc. 35) and the Report and Recommendation ("Report 2") entered February 2, 2026. (Doc. 78). Together, the two reports recommend denial of Plaintiff's Motion for Emergency Injunctive Relief (Doc. 32), and Defendants' Motions to Dismiss (Docs. 50, 51, 52). Plaintiff had fourteen days to file objections. Plaintiff has filed objections to both Reports. For the reasons given below, those objections are overruled and the Reports are adopted.

**<u>STANDARD OF REVIEW</u>**

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of certain district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For non-dispositive orders, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a). For dispositive matters, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has

been properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1). After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1). The district court is not required to review—under a de novo or any other standard—those aspects of the report and recommendation to which no objection is made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no specific objection is filed. *See id*. at 151.

## **DISCUSSION**

The Court has reviewed Report 1 and Report 2 and the entire record in this matter and finds no clear error or error of law in the Magistrate Judge's analysis or conclusions. Moreover, in both Report 1 and Report 2, the magistrate judge warned that:

> ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.

(Docs. 35 at 4, 78 at 5).

### I.    Objections to Report 1

Plaintiff objected to Report 1. (Doc. 42, at 4-7) Report 1 recommended denying Plaintiff's Motion for a Emergency Injunctive Relief to halt state court eviction proceedings. (Doc. 35, at 2). The Magistrate Judge recommended denying this motion based on the Anti-Injunction Act. *Id*. at 3. Under the Anti-Injunction Act, a "court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. The Magistrate Judge analyzed each of these prongs, finding an insufficient basis to grant an injunction under each prong. (Doc. 35, at 3).

Plaintiff raised four objections to these findings. (Doc. 42, at 4-7). Plaintiff's first objection claims that an injunction is permissible given the Fair Debt Collection Practices Act (FDCPA). *Id*. at 4-5. Plaintiff then objects on the alleged grounds that the "necessary in aid of jurisdiction" exception to the anti-injunction act now applies. *Id*. at 5-6. Third, Plaintiff objects that the report was based on incomplete information. *Id*. at 6-7. Lastly, Plaintiff alleges that the "report did not address Plaintiff's FDCPA claims." *Id*. at 7.

Plaintiff first objects to the finding that he failed to expressly cite an act of Congress that authorizes federal court injunctions of state proceedings. (Doc. 42, at 4). Plaintiff attempts to explain away this shortcoming and point to the FDCPA as the congressional act which allows for injunctions of state proceedings in his case. Plaintiff is incorrect, as injunctive relief is not available under the FDCPA. *Kafele v. Lerner Sampson & Rothfuss, L.P.A.*, 62 F. App'x 584, 585 (6th Cir. 2003); *see also Franklin v. GMAC Mortg.*, 523 Fed.Appx. 172, 173 (3d Cir. 2013) ("Franklin is not entitled to injunctive relief under the FDCPA."). As the relief sought by Plaintiff was unavailable pursuant to the FDCPA, the Magistrate Judge did not err in recommending denial of injunctive relief. Plaintiff's first objection is **OVERRRULED**.

Plaintiff's second objection concerns a claim that he now falls under the "necessary in aid of jurisdiction" exception to the Anti-Injunction Act . (Doc. 42, at 5) Plaintiff cites additional facts but does not contest the legal conclusions made by the Magistrate Judge that this exception only applies for a claim that has either been removed from state court, or where the federal court has acquired in rem or quasi in rem jurisdiction over a case involving real property before a state court does. (Doc. 35, at 2) Plaintiff's objection does not point to anything that would place his case in either of these exceptions.

Further, the case that Plaintiff points to in support of his objection, *In re Delorian Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993), specifically concerns bankruptcy proceedings. While section 105's basic purpose "is to enable the court to do whatever is necessary to aid its jurisdiction," this is specifically for "anything arising in or relating to a bankruptcy case." 2 Collier on Bankruptcy ¶ 105.02 at 105–03 (15th ed. 1987). "Section 105(a) contemplates injunctive relief in precisely those instances where parties are 'pursuing actions pending in other courts that threaten the integrity of a bankrupt's estate.'" *In re Baptist Med. Ctr. N.Y.,* 80 B.R. 637, 641 (Bankr. E.D.N.Y. 1987) (quoting *Manville Corporation v. Equity Security Holders Committee (In re Johns–Manville Corp.*), 801 F.2d 60, 63 (2d Cir.1986)). Nothing in Plaintiff's initial claim, or objections, refers to section 105 or the integrity of a bankrupt's estate. Therefore, the "necessary in aid of jurisdiction" exception does not apply, and Plaintiff's second objection is **OVERRULED.**

Plaintiff's third objection claims that the report was based on incomplete information. (Doc. 42, at 6-7) Plaintiff goes on to detail supplemental information and facts that followed the initial filing of the Motion for an Emergency Injunctive Relief on September 16, 2025. *Id*. Plaintiff

3

does not detail how these additional facts contest the legal conclusions of the Magistrate Judge. "Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it was wrong, and how de novo review will obtain a different result on that particular issue." *Taylor v. Haven Hill MHP*, 2021 WL 4972451, at *1 (W.D. Tenn. Oct. 26, 2021) The Magistrate Judge recommended denial of Plaintiff's motion for an injunction because Plaintiff's provided rationale did not fall into any of the three exceptions to the Anti-Injunction Act. These additional facts do nothing to correct or challenge that legal conclusion. As such, Plaintiff's third objection is **OVERRULED.**

Plaintiff's fourth objection is a reiteration of his first objection. Plaintiff claims that "the Report focused on whether this Court could enjoin state court proceedings under the Anti-Injunction Act. The Report did not address Plaintiff's underlying FDCPA claims or the propriety of preliminary injunctive relief to enforce those federal claims." (Doc. 42, at 7) As explained above, the FDCPA does not provide authority to grant the preliminary injunctive relief sought here. Plaintiff's fourth objection is **OVERRULED**.

For the reasons set forth above, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** Report 1.  Plaintiff's Notice to Federal Court of Related State Proceedings and Motion for Emergency Injunctive Relief (Doc. 32) therefore is **DENIED**.

## II.      Objections to Report 2

Plaintiff also timely objected to Report 2 (Doc. 85), which recommended denial of *Defendants'* Motions to Dismiss. Docs. 50, 51, 52. Plaintiff unsurprisingly did not take issue with the bottom line recommendation that motions to dismiss his claims be denied. Indeed, he urged the Court to Adopt the Report and Recommendation. But Plaintiff objected to "omission of critical facts and newly discovered evidence that verify the continuous nature of Defendants' conspiracy." Doc. 85 at 1. Some of the purportedly omitted facts appear to be legal conclusions and many of purportedly omitted facts appear to be contested.  In any event, the purportedly omitted facts have no bearing on the Magistrate Judge's reason for recommending denial of the motions to dismiss— i.e., that the motions to dismiss were not directed to the currently operative complaint. Because Plaintiffs' objections do not address the Magistrate Judge's reasoning, they do not undermine her Report and Recommendation and provide no basis for declining to adopt it. *See Taylor*, 2021 WL 4972451, at *1 ("Each objection to the magistrate judge's recommendation should include how

4

the analysis is wrong, why it was wrong, and how … review will obtain a different result on that particular issue."). The Court therefore **ADOPTS** Report 2. Defendants' Motions to Dismiss (Docs. 50, 51, 52) are **DENIED.**

<div align="center">

**REFERRAL OF MOTIONS**

</div>

In addition to the already-discussed Motions, Plaintiff has filed a bevy of additional motions, some of which appear to be duplicative or overlapping and all of which remain unaddressed:

- Motion to Amend/Correct to Add Party Defendant, Doc. 37;
- Renewed Emergency Motion for Preliminary Injunction, Motion for Reconsideration of Report and Recommendation, Objection to Magistrate Judge's Report and Recommendation, and Motion for Expedited Hearing, at least to the extent the Motion does not contain objections to Report 1 as discussed above, Doc. 42;
- Motion to Strike/Set Aside State Court Judgments Due to Extrinsic Fraud or Forgery, Doc. 84;
- Plaintiff's Motion to Toll the Tennessee Public Participation Act Deadline. Doc. 113;
- Motion for Interim Equitable Relief and Supplemental Notice of Retaliatory Pattern. Doc. 114.
- Motion for Plaintiff for Leave to File Supplemental Pleading Pursuant to Federal Rule of Civil Procedure 15(d), Doc. 116;
- Plaintiff's Motion for Leave to File Reply to Defendants' Response in Opposition to Motion to Toll TPPA Deadline, Doc. 124;
- Plaintiff's Motion for Leave to File Reply to D.E. 121 and Notice of Inconsistent Positions, Doc. 128.

All of those pending Motion are **REFERRED** to the Magistrate Judge.

<div align="center">

**CONCLUSION**

</div>

Accordingly, the Court hereby **ADOPTS** Report 1 and Report 2 (Docs. 35, 78). Plaintiff's objections (Docs. 42 at 4-7, 85 at 1-3) are **OVERRULED.** Plaintiff's Motion for Emergency

<div align="center">5</div>

Injunctive Relief (Doc. 32) is **DENIED.** Defendants' Motions to Dismiss (Docs. 50, 51, 52) are **DENIED.** The following motions are **REFFERRED** to the Magistrate Judge:

- Motion to Amend/Correct to Add Party Defendant, Doc. 37;
- Renewed Emergency Motion for Preliminary Injunction, Motion for Reconsideration of Report and Recommendation, Objection to Magistrate Judge's Report and Recommendation, and Motion for Expedited Hearing, at least to the extent the Motion does not contain objections to Report 1 as discussed above, Doc. 42;
- Motion to Strike/Set Aside State Court Judgments Due to Extrinsic Fraud or Forgery, Doc. 84;
- Plaintiff's Motion to Toll the Tennessee Public Participation Act Deadline. Doc. 113;
- Motion for Interim Equitable Relief and Supplemental Notice of Retaliatory Pattern. Doc. 114.
- Motion for Plaintiff for Leave to File Supplemental Pleading Pursuant to Federal Rule of Civil Procedure 15(d), Doc. 116;
- Plaintiff's Motion for Leave to File Reply to Defendants' Response in Opposition to Motion to Toll TPPA Deadline, Doc. 124;
- Plaintiff's Motion for Leave to File Reply to D.E. 121 and Notice of Inconsistent Positions, Doc. 128.

**IT IS SO ORDERED**, this 27th day of March, 2026.

<div style="margin-left:45%">

s/*Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE

</div>