IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

HOLICE RYKE M.EEKS,

**Plaintiff,**

v.                                          Case 2:25-cv-02027-BCL-cgc

THE VILLAGE AT GERMANTOWN,
CEO MIKE K. CRAFT,
METHODIST LeBONHEUR HEALTHCARE,
MHV1 LLC, and SUZANNE SMITH,
Registered Agent for MHV1 LLC,

**Defendants.**

---

**ORDER DENYING PLAINTIFF'S MOTION TO ADD PARTY DEFENDANT (D.E. #37)**

**REPORT AND RECOMMENDATION ON PLAINTIFF'S RENEWED EMERGENCY MOTION FOR PRELIMINARY INJUNCTION (D.E. #42)**

**ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE STATE COURT JUDGMENTS DUE TO EXTRINSIC FRAUD AND FORGERY (D.E. #84)**

**REPORT AND RECOMMENDATION ON PLAINTIFF'S EMERGENCY MOTION FOR INTERIM EQUITABLE RELIEF (D.E. #114)**

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL PLEADING PURSUANT TO FED. R. CIV. P. 15(d) (D.E. #116)**

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY TO DEFENDANTS' RESPONSE IN OPPOSITION TO MOTION TO TOLL TPPA DEADLINE (D.E. #124)**

**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE REPLY TO D.E. 121 AND NOTICE OF INCONSISTENT POSITIONS (D.E. #128)**

Before the Court are the following motions: (1) Plaintiff's Motion to Add Party Defendant (Docket Entry ("D.E.") #37); (2) "Plaintiff's Renewed Emergency Motion for Preliminary Injunction" (D.E. #42); (3) "Plaintiff's Motion to Set Aside State Court Judgments Due to Extrinsic Fraud and Forgery (D.E. #84); (4) Plaintiff's Motion to Toll the Tennessee Public Participation Act ("TPPA") Deadline (D.E. #113); (5) "Plaintiff's Emergency Motion for Interim Equitable Relief" (D.E. #114); (6) Plaintiff's Motion for Leave to File Supplemental Pleading Pursuant to Fed. R. Civ. 15(d)" (D.E. #116); (7) Plaintiff's Motion for Leave to File Reply to Defendants' Response in Opposition to Motion to Toll TPPA Deadline (D.E. #124); and, (8) Plaintiff's Motion for Leave to File Reply to D.E. 121 and Notice of Inconsistent Positions (D.E. #128).   Pursuant to Administrative Order 2013-05, the instant motions have been referred to the United States Magistrate Judge for determination or report and recommendation, as appropriate.

## I.    Background

Plaintiff initiated this case on January 13, 2025 by filing a *pro se* Complaint against The Village at Germantown ("The Village"), its Chief Executive Officer, Mike K. Craft ("Craft"), and three additional individual defendants.   (D.E. #2).   Plaintiff prepared his Complaint on the *pro se* form for civil rights claims; however, the allegations contained therein pertain to employment disputes under the Family Medical Leave Act ("FMLA").   (*Id.*)   On the same date, Plaintiff filed a Motion for Leave to Proceed *In Forma Pauperis* (D.E. #3), which the Court granted (D.E. #8). The Magistrate Judge further conducted a screening pursuant to 28 U.S.C. § 1915(a), at which time she recommended that Plaintiff's Complaint be dismissed.   (D.E. #8).

On January 21, 2025, Plaintiff filed an objection to the Report and Recommendation (D.E.

#9) and a Motion for Leave to File Amended Complaint (D.E. #10).   On January 22, 2025, the District Court entered an Order overruling the Plaintiff's objection, adopting the Magistrate Judge's Report and Recommendation, and referring the Motion for Leave to File Amended Complaint to the Magistrate Judge.   (D.E. #11).

Thereafter, Plaintiff filed a motion requesting to join Methodist LeBonheur Healthcare ("Methodist") as an additional defendant due to its affiliation with The Village.   (D.E. #21).   On July 29, 2025, the Magistrate Judge entered an Order Granting Plaintiff's Motion for Leave to File Amended Complaint and the motion requesting to join an additional party.   (D.E. #29).

On August 5, 2025, Plaintiff filed an Amended Complaint against The Village, Craft, and Methodist pursuant to the Family Medical Leave Act ("FMLA"), the Americans with Disabilities Act ("ADA"), and the Fair Labor Standards Act ("FLSA").   (D.E. #30).   Although his claims all arise under employment law, Plaintiff lists as damages "financial hardship, including risk of foreclosure on his residence" due to his employment termination and loss of income.   (*Id.* at PageID 417).[1]

Shortly after these initial references where Plaintiff tied his employment termination to the subsequent loss of his home, Plaintiff has repeatedly sought to expand his employment case into a catch-all for a wider scope of disputes, including requests to relitigate, alter, or otherwise oversee matters that are pending or have been decided in state court pertaining to his home or raise new

---

[1]   Subsequently, Plaintiff has filed several documents titled "Amended Complaint."   (D.E. #34, #41, #117).   Certain of these filings do not even contain proposed amended pleadings.   Regardless of their contents, these purported amended pleadings were neither permitted as of right nor were made with leave of court.   *See* Fed. R. Civ. P. 15.   Accordingly, they are not discussed here.

3

federal claims arising from these disputes.   The motions before the Court are illustrative of these efforts to increase the scope of his case before this Court.

### II.    *Motions Presently Before the Court*

#### a.    *Plaintiff's Motion to Add Party Defendant (D.E. #37)*

On October 8, 2023, Plaintiff filed a Motion to Add Party Defendant, which requests to add Stephen I. Hughes ("Hughes") and Farm Credit Mid-America as defendants.   (D.E. #37). Plaintiff states that Hughes "facilitated a foreclosure sale" of his home while court proceedings were in progress relating to whether the foreclosure was lawful.   Plaintiff does not explain why he seeks to name Farm Credit Mid-America other than asserting that it shares liability for the damages and is a necessary party to provide complete relief.

#### b.    *Motion for Preliminary Injunction (D.E. #42)*

Also on October 8, 2025, Plaintiff filed his "Renewed Emergency Motion for Preliminary Injunction."   (D.E. #42).   In his request for a preliminary injunction, he seeks that the Court order that he be given possession of his foreclosed home, including his personal property, as well as be given additional relief for what he believes was an unlawful foreclosure.   (*Id*.)   He argues that he is not seeking for the Court to enjoin ongoing state proceedings in his motion; instead, Plaintiff states that seeks relief in this Court under the Fair Debt Credit Reporting Act ("FDCPA"), 15 U.S.C. §§ 1692d, 1692f, 1692f(6) & 1692g(b), and under Tennessee Code Annotated Section 66-28-504, although these are not claims that he has plead in this case.[2]

---

[2]   This filing additionally contains an improperly filed "Motion for Reconsideration of Report and Recommendation" and "Objections to Magistrate Judge's Report and Recommendation."   As neither of those are proper for the Magistrate Judge to consider, they are not addressed in this Order and Report and

### c.   *Motion to Set Aside Void State Court Judgments Due to Extrinsic Fraud and Forgery (D.E. #84)*

On February 8, 2026, Plaintiff filed a "Motion to Set Aside Void State Court Judgments due to Extrinsic Fraud and Forgery."   (D.E. #84, #108, #136).   In this motion, Plaintiff seeks for this Court to set aside certain orders of the Shelby County General Sessions Court due to fraud and forgery, including an attorneys' fee award and a detainer warrant.   (*Id*.)

### d.   *Motion to Toll the Tennessee Public Participation Act Deadline (D.E. #113)*

On February 26, 2026, Plaintiff filed a "Motion to Toll the Tennessee Public Participation Act (TPPA) Deadline" pursuant to Tennessee Code Annotated Section 20-17-104(a)   (D.E. #113). Plaintiff argues that the relief is necessary because "Defendants" waged a "two front war" against him by terminating his employment and seizing his home and further deprived him of information necessary to meet statutory deadlines for seeking relief under the TPPA.   (*Id*. at PageID 1242-43).

On March 12, 2026, Defendants The Village and Craft filed their Response arguing that Plaintiff has not provided any legal basis for this request.  (D.E. #121).   On March 13, 2026, Defendant Methodist filed its Response raising the same argument and noting that Plaintiff's motion continues to refer to non-parties as "Defendants" and continues to argue about state proceedings that have no bearing on this case.   (D.E. #125).

### e.   *Motion for Equitable Relief (D.E. #114)*

On March 3, 2026, Plaintiff filed an "Emergency Motion for Interim Equitable Relief and Supplemental Notice of Retaliatory Pattern."   (D.E. #114).   This motion continues to seek relief relating to his home eviction and requests an "interim award of back-pay" based upon his former

---

Recommendation.

employer's alleged "budget surplus."   He further seeks a "conference for an immediate Order for interim financial relief."

On March 16, 2026, Defendant Methodist filed its Response asserting that Plaintiff's motion is a "procedurally improper and legally baseless attempt to secure monetary relief in the middle of litigation without any legal authority, evidentiary foundation, or adjudication of liability."   (D.E. #127).

### f.   Motion for Leave to File Supplemental Pleading (D.E. #116)

On March 5, 2026, Plaintiff filed his Motion for Leave to File Supplemental Pleading seeking to add MHV1 LLC and Suzanne Smith ("Smith") as defendants pursuant to Rule 15(a). (D.E. #116).   Plaintiff's requests to add these defendants are based upon his eviction and the "dismissal of state court motions, which provide the final evidentiary links for Plaintiff's conspiracy and extrinsic fraud claims."[3]

On March 16, 2026, Defendant Methodist filed its Response stating that Plaintiff's filings continue to lose sight of the basic premise that this is an employment case and that parties related to his alleged eviction and other state court cases are not related to this case.   (D.E. #126). Methodist further argues that Plaintiff's Motion fails to comply with the Local Rules and relies on fictitious and misrepresented legal authority.   On March 17, 2026, Defendants The Village and Craft filed their Response adopting and incorporating all arguments raised by Methodist in opposition to Plaintiff's motion.   (D.E. #130).

---

3    Plaintiff states in his motion that he seeks leave of Court to file an attached "Supplemental Pleading." (D.E. #116 at PageID 1256).   No supplemental pleading is attached; however, the subsequent filing in this Court's docket is titled "Plaintiff's Supplemental Pleading Pursuant to Fed. R. Civ. P. 15(d)."   (D.E. #117). This document was not filed with appropriate leave of court.

6

### g. *Plaintiff's Motion for Leave to File Reply to Defendant's Response in Opposition to Motion to Toll TPPA Deadline (D.E. #124)*

On March 13, 2026, Plaintiff filed a Motion for Leave to File Reply to Defendants' Response in Opposition to Motion to Toll TPPA Deadline. (D.E. #124). Plaintiff seeks to file a reply to provide the legal basis under Tennessee Code Annotated Section 20-17-104(b) for the relief he requests and to further clarify how he believes the doctrine of fraudulent concealment applies to his motion.

### h. *Plaintiff's "Motion for Leave to File Reply to D.E. 121 and Notice of Inconsistent Positions" (D.E. #128)*

On March 16, 2026, Plaintiff filed a "Motion for Leave to File Reply to D.E. 121 and Notice of Inconsistent Positions." (D.E. #128). In this motion, he seeks for a second time to file a Reply to Defendants' Response in Opposition to Toll TPPA Deadline.

## III. Proposed Analysis and Conclusions of Law

The overarching theme in the motions presently before the Court is that Plaintiff seeks for this Court to entertain motions and grant relief that far exceeds the scope of the employment-law disputes raised in his Amended Complaint before this Court. The Court will consider each motion below.

### a. *Plaintiff's Motion to Add Party Defendant (D.E. #37)*

First, Plaintiff seeks to add Hughes and Farm Credit Mid-America as defendants. He alleges that Hughes facilitated a foreclosure sale and vaguely alleges that Farm Credit Mid-

7

America shares in liability related thereto.   However, Plaintiff has provided no legal or factual basis for Hughes or Farm Credit Mid-America to be added as defendants in this employment case. Plaintiff has also failed to provide proposed amended pleadings against Hughes and Farm Credit Mid-America for the Court to consider.   Accordingly, Plaintiff's Motion to Add Hughes and Farm Credit Mid-America is DENIED.

### b.   *Motion for Preliminary Injunction (D.E. #42)*

Next, Plaintiff seeks a preliminary injunction relating to the foreclosure of his home. Specifically, he seeks the following: (1) to restore full possession of his property; (2) to pay his reasonable relocation costs and temporary housing expenses; (3) to preserve all evidence and refrain from altering, selling, or encumbering the property; and, (4) to account for all return all of his personal property, farming equipment, and livestock.   (*Id*. at PageID 585).   Plaintiff further requests that the court, *inter alia*, declare that state court proceedings are void.   (*Id*.)   Plaintiff requests this relief under the FDCPA and Tennessee law.

Plaintiff has not pled any FDCPA or Tennessee law claims in this case.   Without these claims before the Court, the Court may not entertain requests for preliminary injunctive relief pursuant to them.   Accordingly, it is RECOMMENDED that Plaintiff's Motion for Preliminary Injunction be DENIED.

### c.   *Motion to Set Aside State Court Judgments (D.E. #84)*

Next, Plaintiff seeks for this Court to set aside state court "judgments" regarding attorneys' fees and home eviction.   He conclusorily states that these "judgments" violate federal law; however, Plaintiff has not provided any legal basis for these arguments or any reason why this

Court would have authority to set aside state court judgments.   Accordingly, Plaintiff's Motion to Set Aside State Court Judgments is DENIED.

> ### d. *Motion to Toll TPPA Deadline (D.E. #113), Plaintiff's Motion for Leave to File Reply to Defendant's Response in Opposition to Motion to Toll TPPA Deadline (D.E. #124), and Plaintiff's Motion for Leave to File Reply to D.E. 121 and Notice of Inconsistent Positions (D.E. #128)*

Next, Plaintiff has filed a Motion to Toll the TPPA Deadline (D.E. #113), Motion for Leave to File Reply to Defendant's Response in Opposition to Motion to Toll TPPA Deadline (D.E. #124), and Motion for Leave to File Reply to D.E. #121 and Notice of Inconsistent Positions, which is in fact a second motion for leave to file a reply.

In his Motion to Toll the TPPA Deadline, Plaintiff appears to be requesting that he be permitted leave to file a petition under the TPPA beyond its sixty-day deadline based upon an alleged "recent discovery" of information from 2023 that Plaintiff contends was part of a "larger conspiracy to silence a whistleblower."   Plaintiff requests that that TPPA deadline be tolled "until such time as the full scope of the Defendants' coordination is revealed through complete discovery."

However, as The Village and Craft note, Plaintiff has provided no basis for this wide-ranging leave to potentially amend his pleading to bring a TPPA claim at some point in the future. Further, while this would essentially be yet another amendment to his pleading, Plaintiff has not provided any proposed amendment, seeking instead what seems to be carte blanche to file future claims should he believe discovery would support them.   The Court does not grant this type of future, speculative relief.

While Plaintiff's two motions for leave to file reply state that he would like to provide the court with his legal basis for this relief under Tennessee Code Annotated Section 20-17-104(b),

the fraudulent concealment doctrine, and the doctrine of judicial estoppel, Plaintiff's arguments therein are unavailing, and the Court does not find any need for further briefing on the underlying motion. Accordingly, Plaintiff's Motion to Toll the TPPA Deadline (D.E. #113) is DENIED, Plaintiff's Motion for Leave to File Reply to Defendant's Response in Opposition to Motion to Toll the TPPA Deadline (D.E. #124) is DENIED, and Plaintiff's Motion for Leave to File Reply to D.E. 121 and Notice of Inconsistent Positions (D.E. #128) is DENIED.

### e. Plaintiff's Emergency Motion for Interim Equitable Relief

Next, Plaintiff seeks for this Court to grant him an interim award of back-pay based upon his former employer's alleged budget surplus. Plaintiff cites *William Link v. Wabash Railroad Co.*, 370 U.S. 626 (1962) for the proposition that "interim equitable awards" such as that he is requesting are appropriate. However, a review of the *Link* decision reveals that it addressed whether the district court properly dismissed a case for failure to prosecute when the plaintiff's counsel failed to appear for a court hearing. The *Link* decision does not hold, or even discuss, "interim equitable awards" as requested by Plaintiff here. Plaintiff has provided no other legal basis for such an award in this case. Accordingly, it is RECOMMENDED that Plaintiff's Motion for Interim Equitable Relief be DENIED.

### f. Motion for Leave to File Supplemental Pleading (D.E. #116)

Finally, Plaintiff seeks to file a Supplemental Pleading with claims against MVH1 and Smith. Plaintiff failed to file his proposed "Supplemental Pleading," instead improperly filing it as an Amended Complaint as if leave had already been granted. However, even if Plaintiff had properly filed his proposed supplemental pleading, his motion fails to state any claim upon which this Court may grant relief. On the contrary, it continues to seek to have this Court intervene in

Plaintiff's state court disputes.   Accordingly, it is RECOMMENDED that Plaintiff's Motion for

Leave to File Supplemental Pleading be DENIED.


        **SIGNED** this 4th day of June, 2026.

                                    s/Charmiane G. Claxton
                                    CHARMIANE G. CLAXTON
                                    UNITED STATES MAGISTRATE JUDGE


**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT. 28 U.S.C. § 636(b)(1)(C). FAILURE TO FILE SAID OBJECTIONS OR EXCEPTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF THE OPPORTUNITY TO RAISE OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**